```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

JUAN DORADO, et al.,             )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )    No.  12 C 137
                                 )
BALLY TOTAL FITNESS HOLDING      )
CORP., et al.,                   )
                                 )
          Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

Juan Dorado ("Dorado") and Michael Markzon ("Markzon") have just filed a putative Class Action Complaint against Bally Total Fitness Holding Corp. ("Bally") and L.A. Fitness International, LLC ("L.A. Fitness"), advancing several asserted grounds to invoke federal subject matter jurisdiction. This sua sponte memorandum opinion and order is issued at the threshold to address some problematic aspects of the Complaint.

To begin with, Dorado and Markzon seek to call upon 18 U.S.C. §1346 as the purported predicate for federal question jurisdiction. But that statute is part of the federal criminal code, and the United States Supreme Court consistently teaches that in the absence of any congressional conferral of jurisdiction, no claim can properly be implied from such federal enactments (see, e.g., <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286-87 (2001) and the numerous citations included there).

Moreover, the criminal statute that the Complaint cites simply provides a definition of the term "scheme or artifice to

defraud" "f]or the purposes of this chapter" (a chapter that sets out various categories of fraud for which federal criminal prosecutions can be brought). If counsel were correct in their bizarre view of federal jurisdiction, every lawsuit charging fraud of any sort costing any amount (however small)[1] could be brought in the federal courts--an absurd proposition. That then means that Dorado and Markzon must look to diversity of citizenship as the door for entering the federal courthouse.

In that respect, PARTIES ¶¶1 and 2 of the Complaint[2] speak of the residences (not the states of citizenship) of Dorado and Markzon. That being so, such cases as <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) direct that the Complaint must be dismissed on that ground alone. But because that flaw is most likely curable (for most though not all persons' residences coincide with their respective states of citizenship), this Court

---

[1] It will be remembered that federal question litigation, unlike diversity cases, has no amount-in-controversy requirement.

[2] Counsel for Dorado and Markzon exhibits just as odd a conception of federal pleading as his just-discussed approach to federal question jurisdiction. Instead of following the universal practice of consecutive numbering of paragraphs in the Complaint, counsel sets out a number of centered subject matter headings (PARTIES, FACTS, CLASS ACTION ALLEGATIONS and three headings identifying "COUNTS" [theories of recovery]) and starts the allegations under each of those headings with paragraphs numbered (1), (2) and so on. That practice makes citations to the Complaint cumbersome, as well as nonconformant to the forms that Fed. R. Civ. P. 84 suggests as models. Even worse, the allegations in the four paragraphs included under the JURISDICTION & VENUE rubric are not numbered at all.

will soldier on.

Complaint PARTIES ¶3 identifies Bally, like both plaintiffs, as an Illinois citizen. That being true, any conventional claims dependent on the existence of diversity lack the total diversity required ever since Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), so that Dorado and Markzon would strike out in that respect as well.

That then leaves the Complaint's invocation under JURISDICTION & VENUE of 28 U.S.C. §1332(d)("Section 1332(d)," the Class Action Fairness Act ["CAFA"]), because it is said there that "the amount in controversy exceeds $5,000,000." On that score the Complaint poses questions without providing the answers--simply citing CAFA does not do the job. For example:

> 1. Count II's attempt to bring into play the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, ignores the complexities of applying that statute to non-Illinois consumers. As Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill.2d 100, 187, 835 N.E.2d 801, 853-54 explains:
>
>> Accordingly, we hold that a plaintiff may pursue a private cause of action under the Consumer Fraud Act if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois. In adopting this holding, we recognize that there is no single formula or bright-line test for determining whether a transaction occurs within this state. Rather, each case must be decided on its own facts.

That appears to cut against the Complaint's effort to obtain certification of a nationwide class, for which purpose the Dorado-Markzon counsel has noticed up a motion for presentment on January 17 (more on that subject later).

2. Count III's reliance on Illinois law on a breach of contract theory does not explain why local law here applies to the proposed nationwide class of persons referred to in Paragraph (1) as owning "a Bally life-time membership."

3. Section 1332(d)(4) suggests that this action may well be one in which this District Court must decline to exercise CAFA jurisdiction.

Although there may be other problems lurking in the Complaint, what has been said here may suffice for now. Counsel has noticed up a motion for presentment at 9:15 a.m. January 17 for the purpose of seeking class action certification.[3] Whenever that motion is properly before this Court (see n.3), counsel should come prepared to speak to the matters addressed here (and perhaps other questions that counsel for Bally or L.A. Fitness may pose at that time).

_____
Milton I. Shadur
Date: January 13, 2012    Senior United States District Judge

---

[3] This Court has noted, however, that counsel--seemingly running true to form--has given inadequate notice of that motion (see this District Court's LR 5.3(a)(2)). That being so, the motion cannot be presented on January 17 unless defendants agree to waive the notice issue.