**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JUAN DORADO,** | ) **CASE: 12cv137** |
| **MICHAEL MARKZON,** | ) |
| **BRIAN GORSKI,** | ) **JUDGE SHADUR** |
| **BRAD MICKEY,** | ) **MAG. JUDGE KIM** |
| **MICHAEL ZHUK,** | ) |
| **JANE KLEIN,** | ) |
| **GARY SOLOMON,** | ) |
| **ERIC SCATTON,** | ) |
| **GARY BUCHHEIM,** | ) |
| **ROBERT EISENBERG,** | ) |
| **KENNETH MERCADO,** | ) |
| **CHARLES HOLDEN,** | ) |
|     **PLAINTIFFS,** | ) |
|     **v.** | ) |
| **BALLY TOTAL FITNESS HOLDING CORP.,** | ) |
| **L.A. FITNESS INTERNATIONAL, LLC ("LAF"),** | ) |
|     **DEFENDANTS.** | ) |

**<u>CLASS ACTION</u>
<u>FIRST AMENDED COMPLAINT</u>
<u>COMPLAINT FOR MONETARY DAMAGES & EQUITABLE RELIEF</u>**

NOW COME Plaintiffs individually and on behalf of all others similarly situated, by counsel and state as follows:

**<u>NATURE OF COMPLAINT</u>**

This is a 4-count complaint pursuant to the Class Fairness Act of 2005, 28 U.S.C. Section 1332(d); Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Complaint presents the following allegations: Common Law Breach of Contract (all 50 states having a common and similar definition); 815 ILCS 505/ [Illinois] Consumer Fraud and Deceptive Business Practices Act; violation of the New York Consumer Protection Act, Article 22-A of the New York

1

General Business Law, §§349 and 350; and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) Fla. Stat. sec. 501.204(1)). Plaintiffs bring this action for themselves as well as by, and on behalf of, similarly situated persons holding Bally Total Fitness Holding Corporation (BALLY) memberships to include those whose memberships were sold to LA Fitness.

### JURISDICTION & VENUE

1.     Jurisdiction of this court arises under the Class Fairness Act of 2005, 28 U.S.C. §1132(d). Pendent jurisdiction is had by 28 U.S.C. § 1367.

2.     This Court has personal jurisdiction over both Defendants because both conduct business in this District.

3.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $5,000,000; and more than two-thirds of the class of plaintiffs are citizens of a state different from any defendant and at least two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are not citizens of the state (Illinois) in which the action was originally filed.  Additionally, at least one class member is of a diverse citizenship from at least one defendant; there are more than 200 class members nationwide.

4.     Venue is proper in this District because all conduct business in this District and that a substantial part of the acts giving rise to Plaintiffs' claims occurred in this District.  Additionally, Defendant Bally has its principal place of business in this district.

2

## PARTIES

5.      Plaintiff JUAN DORADO is a legal adult.  He is the owner of four Bally life-time memberships.  Plaintiff is a citizen of the State of Illinois.  Plaintiff is a resident of Du Page County, Illinois.  Plaintiff was harmed by Defendants in DuPage County, Illinois.

6.    Plaintiff  MICHAEL  MARKZON  (membership number 0042322607005) is  a  legal  adult, citizen of Illinois  and  a resident of Cook County, Illinois.  He is the owner of a  Bally life-time membership. Plaintiff was harmed by Defendants in Cook County, Illinois.  Mr. Markzon's contract attached as PF. Ex. 1.

7.    Plaintiff ERIC SCATTON (Bally member contract # 100507318) is  a legal  adult  and  citizen of Pennsylvania.  He is the owner of a  Bally life-time membership.  Plaintiff was harmed by Defendants in Montgomery County, Pennsylvania.

8.     Plaintiff BRAD MICKEY is a citizen of the state of Illinois.  He is  a legal  adult  and  a resident of Cook County, Illinois.  He is the owner of a  Bally life-time membership.  Plaintiff was harmed by Defendants in Cook County, Illinois.

9.    Plaintiff MICHAEL ZHUK (membership Number: 0000797044005) is a citizen of the State of Illinois. He is a resident of Lake County, Illinois.  He is the owner of a Bally life-time membership. Plaintiff was harmed by Defendants in Lake County, Illinois.

3

10.    Plaintiff JANE KLEIN (membership number 0006965668004) is a citizen of the State of Florida.  Since 1990, she has been the owner of a Bally life-time membership. Plaintiff was harmed by Defendants in Hudson, Florida.

11.    Plaintiff GARY SOLOMON, is a citizen of the State of New York. He is the owner of a Bally life-time membership.  Plaintiff was harmed by Defendants in Nassau County, New York.

12.    Plaintiff  BRIAN GORSKI (membership number 0043109817106)  is a legal adult, citizen of the state of Illinois.  He is a  resident of DuPage County, Illinois.  He is the owner of a  Bally life-time membership. Plaintiff was harmed by Defendants in DuPage and Cook County, Illinois.

13.    Plaintiff GARY BUCHHEIM is a citizen of the State of Virginia.  He is the owner of two  Bally life-time memberships (membership numbers are 0021790889006 and 0021790889105).  Plaintiff was harmed by Defendants in Springfield, Virginia.

14.    Plaintiff  KENNETH MERCADO (Member number 0002238362004) is a citizen of the State of Florida.  He is a resident of Orlando, Florida.  He is the owner of a  Bally life-time membership.  Plaintiff was harmed by Defendants in Orange County, Florida.

15.    Plaintiff Robert Eisenberg (Membership 0002363747003) resides in Phoenix, Arizona.   He is the owner of a  Bally life-time membership that he purchased in New York City. Plaintiff was harmed by Defendants in Phoenix, Arizona and New York City, New York.

4

16.   Plaintiff CHARLES "CHUCK" HOLDEN Holden is a resident of Dunedin, Florida.  He is the owner of Bally life-time membership  (membership # 002-210-074-6001; contract attached as PF. Ex. 3). He was harmed by Defendants in New York, Arizona and Florida.

17. Defendant BALLY TOTAL FITNESS HOLDING CORPORATION ("BALLY") is a national health club operator. Until December 1, 2011 it owned the lifetime memberships belonging to the plaintiffs. Defendant is a citizen of the State of Illinois with its principal place of business at 8700 W Bryn Mawr Ave # 1 Chicago, IL 60631-3507.

18.   Defendant L.A. FITNESS INTERNATIONAL, LLC ("L.A. FITNESS" or "LAF") is a national health club operator. Defendant is a citizen of the State of California with its principal place of business at P0 Box 54170, Irvine, CA 92619.

## CLASS ACTION ALLEGATIONS

19.   This is a class action pursuant to the Class Fairness Act of 2005, 28 U.S.C. Section 1332(d)Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons who own or did own a Bally membership, and that their memberships are no longer being honored by Bally; selectively honored by Bally; and\or not honored by LA Fitness.  In addition to the multitude of nationwide class members, the Plaintiffs also bring a cause of action on behalf of the following sub-classes:

All persons residing in Illinois, New York, and Florida who

purchased Bally memberships and that their active memberships

are no longer being honored by Bally, or selectively honored by

Bally; and\or not honored by LA Fitness.

20.     Excluded from the Class are the Court and any of the Court's family members, Defendants, and their officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest.

21.     The members of the Class are so numerous that joinder of all members is impracticable. Based on information, belief and that the undersigned counsel has been in contact with countless owners of Bally memberships, there are hundreds if not thousands of people with complaints about the actions of the Defendants for which this Complaint concerns.

22.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. The questions of law and fact common to the Class include whether Defendants violated the same federal laws.

23.     Plaintiffs' claims are typical of the claims of other Class members, as all members of the Class were similarly affected by Defendants' wrongful conduct in violation of federal law as complained of herein.

24.    Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel that is competent and experienced in class action litigation.

25.    Plaintiffs have no interest that is in conflict with, or otherwise antagonistic to the interests of the other Class members.

26.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in management of this action as a class.

27.    Plaintiffs have retained counsel competent and experienced in the prosecution of class litigation.

28.    Class Definition: the class is defined as all persons who own or did own Bally memberships--and that such memberships are active and paid up to date-- who are being denied access to, and\or the right to enjoy the benefits of those memberships in the facilities (namely LA Fitness facilities). intended by Bally.

**<u>FACTS</u>**

29.    Plaintiffs purchased Bally life-time memberships.

30.    In 2011, Bally sold rights to many of its members and their life-time memberships to Defendant LA Fitness (LAF); as well as sold certain Bally clubs

to LAF. Yet, there are geographic areas in the U.S. that do not have LA Fitness facilities.

31. As of December 1, 2011, there are no longer Bally-owned clubs in the Chicago area, all having been sold to LAF.

32. In the New York City area, Bally sold to LA Fitness, some of its members (along with their lifetime memberships); however, there are no LA Fitness facilities in New York City.

33. In Seattle, Bally sold to LA Fitness, some of its members (along with their life-time memberships); however, LA Fitness facilities in Seattle will not honor the membership if it was purchased in Texas.

34. For other potential plaintiffs throughout the U.S., there are no LA Fitness facilities nearby at which they can work out. For others, Bally did not assign their contracts to LA Fitness, but did sell all of the Ballys in their geographic area to LA Fitness.

**Experiences of the Plaintiffs and Class Members**

35. Plaintiff Dorado resides in the Chicago area with his family. He owns four Bally life-time memberships. One for himself and three for family members.

36. Bally did not sell the four memberships to LA Fitness; although, it did sell all of the Chicago area (including Du Page County) clubs to LA Fitness.

37. As of December 1, 2011, Bally asserts that Plaintiff Dorado and his family members are still Bally members.

38. Until, January 13, 2012, five days after the filing of the first Complaint in the above captioned matter and 2 days after the undersigned filed

for class certification, LA Fitness was not honoring any of Dorado life-time memberships; although, Bally had purchased all of the Chicago area Bally clubs. Plaintiff Dorado had been told that he and his family could work-out as long as they did so at a Bally facility in Saint Louis, Missouri. Once again, Mr. Dorado lives in the Chicago area, approximately 5 hours away.

39.     On January 13, 2012, Defendant LA Fitness notified Plaintiff Dorado that it would honor his four membership contracts, leading Plaintiff to believe that as result of the lawsuit, the membership contract will be honored by LA Fitness.

40.     Other prospective class plaintiffs have a situation that is best described as:  there is a LA Fitness facility nearby (a newly acquired Ballys); but that L.A. fitness will not allow access to LA Fitness by former Bally members unless they buy a new membership (in spite of the assignment of the respective contract).

41.     Plaintiff Michael Markzon lives in Chicago and owns a Bally life-time membership.  He has worked-out at the same Bally facility in Chicago for the past approximately 11 years.  As of December 1, 2011, this facility is now a LA Fitness facility.

42.     Bally states that the membership was transferred to LA Fitness.

43.     Until, January 13, 2012, five days after the filing of the first Complaint in the above captioned matter and 2 days after the undersigned filed for class certification, LA Fitness was not honoring the membership because it was purchased in Kansas.  On January 13, 2012, at 4:51PM, Defendant LA

9

Fitness notified Plaintiff Markzon that the request for the transfer of his membership was approved, leading Plaintiff to believe that as result of the lawsuit, the membership contract will be honored by LA Fitness.

44.    Class Member David Senft of Gaithersburg, Maryland purchased a lifetime contract in 1973 that was assigned to Bally in 1986. Although Bally sold all Bally facilities in his geographic area, his membership was not sold to LA Fitness.  LA Fitness is not honoring his membership.

45.    Class Member Vernice Carter of Minneapolis, purchased a Bally life-time membership in 1971. She renewed her membership in September 2011. All of the Bally clubs in Minnesota were sold to LA Fitness.  Although Bally sold all Bally facilities in his geographic area, his membership was not sold to LA Fitness.  LA Fitness is not honoring her membership.

46.    Plaintiff Michael Zhuk is the owner of a Bally Premier Plus lifetime membership.  On January 2, 2012, Plaintiff went to his Bally club in Deerfield, Illinois and was told by staff that the club was no longer owned by Bally but by LA Fitness.  He was told that based on the information in the computer system, LA Fitness would not accept his Bally membership, but that he could purchase an LA Fitness membership.

47.    Class Member Lionel McCloud owns a Bally life-time membership that he purchased  from Bally in 1987.  McCloud has resided in Maryland over the last 12 years and  works out at Bally clubs in the Washington DC, Maryland and Virginia area. His membership was sold to LA Fitness. The Maryland,

Virginia and D.C. Bally clubs were sold to LA Fitness. LAF has not honored his membership.

48.  Class Member Michael Schirano is the owner of a life time membership. Plaintiff lives on Long Island, New York. Bally sold its clubs in the area of Long Island in which he resides. LA Fitness refuses to allow him access unless he signs a new contract with LA Fitness.

49.  Class Member Yhashika Lee lives in Los Angeles and owns a Bally life-time membership. The life time membership has been paid off for years and that she pays a yearly dues type fee. On January 11, 2012, she tried using her membership at a Bally club in West Los Angeles and was informed that that the club was now owned by LA Fitness and that her membership is no longer valid at Bally facilities in Los Angeles. She was told that she could use Bally gyms in New York City almost 2778 miles away.

50.  Since October1988, Plaintiff Gary Buchheim has been the owner of 2 Bally life-time memberships. Plaintiff paid an upfront fee for each membership of about $1400 for the benefit to maintain an annual membership price of $75 per year. When Bally sold all of the Virginia clubs to LA Total Fitness, Bally did not transfer his membership. Bally did not alert Plaintiff in advance that that clubs had been told. Bally maintains that he can either sell his memberships to someone else or keep them and use the clubs if he travels to locations such as New York City. Plaintiff states that he was told that LA Fitness claims it only purchased memberships that originated in Virginia and will honor only those.

11

51.    Plaintiff Brad Mickey owns a Bally life-time membership.  He purchased the membership on October 20, 2001.  Mickey resides in Schaumburg, IL.  Bally sold all clubs in Illinois to LA Fitness. The closest Bally club Plaintiff may use is in Saint Louis.  LA Fitness has refused to honor his membership.  LA Fitness has instructed Plaintiff that he must buy a new membership .

52.    Plaintiff Eric Scatton owns a Bally life-time membership.  The membership was purchased in 1984. His membership is current.  His initial membership cost $3000.  As of December 1, 2011, Bally club sold the clubs in the Harleysville, Pennsylvania area to LA Fitness.  The closest Bally for Plaintiff to use is approximately 500 miles away.  LA Fitness has refused to honor his membership.  LA Fitness has instructed Plaintiff that he must buy a new membership. Plaintiff states that Both LA Fitness and Bally are blaming the other and that neither will take responsibility for those memberships that are located where no Bally exists anymore. LA Fitness staff have telephoned the Plaintiff attempting to persuade him to sign a new agreement for a $40/ month.

53.    Class Member Kenneth Mercado has owned a Bally life-time membership since 1987. Plaintiff lives in an area of Florida in which all Bally facilities were sold to LA Fitness.  On January 2, 2012, when he went to work-out he was told by LA Fitness that it would not honor his contract\membership. He states that he was told by LA Fitness that because he bought his membership at a New York Bally facility, that he was considered a "non-Floridian" and such

persons would not be accepted by LA Fitness as members. LA Fitness staff told him that he could buy a new contract with LA Fitness.

54. Class Member Sanjay Bansal has been the owner of a Bally (Jack LaLane Fitness Centers) life-time membership since April 27, 1989. He purchased the membership from salesperson, Ms. Wanda (employee # 1531). He received an e-mail from Bally on Tuesday, January 3, 2012, at 11:48AM that stated: *"Please be advised that your membership has been transitioned to LA Fitness as of 12/28/11."* Yet, LA Fitness states that it has no record of a transfer of his membership. LA Fitness is allowing him to use one of its facilities until April 2012.

55. Plaintiff Gary Solomon owns a Bally life-time membership. Plaintiff has used the Levittown, New York Bally club since it opened. As of December 1, 2011, Bally had sold the location to LA Fitness. Plaintiff states that he was not given advance notice. The Levittown location, with Bally signage as the date of the filing of this amended complaint, will no longer honor Plaintiff's membership. Plaintiff must now travel to Bay Shore about 20 miles away; although, until the transition, Plaintiff was paying Bally extra monies to use the Levittown location. Plaintiff alleges that Bally deceived him when it gave him an impression that it did not matter where he signed the original contract. Mr. Solomon's contract is attached as PF. Ex. 2.

56. Plaintiff Brian Gorski, bought a life-time Bally membership in 2003. He has paid Bally about $200-250 every year since then. He membership dues are paid through to May of 2012. Bally sold his membership to LA Fitness. LA

13

fitness will not honor the assigned membership. Rather, LA Fitness has been pestering him to purchase a new membership it (LA Fitness).

57. Plaintiff Robert Eisenberg (Membership 0002363747003) resides in Phoenix, Arizona. He owns a Bally life-time membership that he purchased in New York City. The membership entitles him to national access to all Bally facilities. He has been living in Arizona and strictly using the Arizona facilities for the last 15-20 years.

He asserts: "... yet without any notice, I am not allowed to use my membership in Arizona due to the LA Fitness International (LAFI) buyout. My membership is for life and I am required (by membership contract) to pay a monthly fee (set for life) to maintain a large selection of facilities. I am current with this payment and my address in Arizona has been current and on file with Bally's.

The selection of facilities has been greatly diminished and in Arizona, all have been transferred to LAFI (yet they still use the name of Bally's... The clubs still have the name Bally's in bright red letters on the clubs buildings). Bally's has had every opportunity to notify me of the buyout but did not. I initially bought this membership to relieve my pain due to disability.

I have spent quite a few hours and accrued long-distance phone charges calling the headquarters of Bally's (1-312-371-6752) and LAFI1 (1-949-255-7200). Each company blames the other for not notifying Arizona residents about the sale.

All Arizonans who have a membership which was not transferred has a membership that cannot be used in their home state yet they are required to pay a monthly facility payment or forfeit the entire membership. I called LAFI at 1-949-255-7200 and was told that I am not able to use the "Bally's" facilities without a new contract/membership. (My membership in Arizona has been deemed useless)I was also told by Bally's that if I called in early December I would have had my membership transferred to LAFI with ease but now the buyout is complete and all members like me are out of luck.

I am requesting that a ruling is presented that all members of Bally's can use LAFI facilities, all facilities if they have national access and specific facilities if they had local access. I am also requesting additional compensation for myself due to the following:** I am disabled and cannot maintain my fitness to relieve pain.** I have lost time and effort in the buyouts unprofessional behavior** I have spent money on calling Bally's and LAFI as well as the attorney in this action.** I have been subject to stress that has not benefited me or my family. Thank you, Robert Eisenberg."

58.     Class Member Jason Bahrt, a New York City Police officer, has been a member of Bally Total Fitness (previously Jack La Lanne, then Bally) since 1992.  He signed up for the Platinum life-time membership at the Sommerville, New Jersey location. The Platinum membership entitled him to go to any Bally Total Fitness facility in New Jersey and New York.   In 1996, he entered the New York City Police Academy (in NYC) and has now lived and worked in the Bronx for the past 16 years.  Until recently, he used Bally Total Fitness locations in the Bronx, Queens, and sometimes in Yonkers.

In December of 2011, suddenly, without notice, he received an email from Bally stating that his membership had changed to a LA Fitness.  Although, clubs with Bally signage are still all over NYC, Bahrt is not permitted to use them.  He has been told that he can workout at an LA Fitness in New Brunswick New Jersey, more than 40 miles away.

He states:  *"When I called Bally they said that I had to call LA Fitness in New Brunswick.  When I called LA Fitness they said to call Bally.   When I would email Bally, they would email me back with the same generic email stating my membership was transferred to LA Fitness and to contact them.*
*I have a lifetime membership and paid on average $98 a year.  I don't go the gym much, and renewed every year even if I only went 10 times that year, but this is wrong to not notify me before this change to LA Fitness before I could move my location to near me.   I read on the Internet hundreds maybe thousands of people in the same situation as mine."*

59.     Plaintiff Chuck (Charles) Holden is a resident of Dunedin, Florida.  He also has residences in Arizona and New York.  He owns a Bally' membership.  It was purchased in Amherst, NY in 1991. It is a lifetime national membership aka Premier Plus. The membership was purchased from Holiday Health and Fitness Centers of New York, Inc which was later taken over by Bally.   He has

15

used this membership extensively for over 20 years at clubs in NY,AZ and in Florida where he is a seasonal resident. As of December 31st, 2011, LA Fitness has refused to honor his Bally membership in Florida (at the same location that he has used for years). He states that LA Fitness staff said to him: "I would have to purchase a LA Fitness membership at $39.99 a month to continue to use that club. My Bally's membership is $68 a YEAR! Having to purchase an additional membership to use a club I have used for many years would cost me an additional $480 each year."

## COUNT I: BREACH OF CONTRACT
### (Applies to all Plaintiffs and all class members based on a common definition, nationwide, of a Breach of Contract)

60.    Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

61.     There are valid contracts between Plaintiffs and Defendant Bally.

62.    There are valid contracts between all class members and Defendant Bally.   In each instance of the formation of such contracts, there:  a) was an offer and acceptance; b) was a legal purpose; c)  was a meeting of the minds; and d) there was Consideration.

63.    Defendant Bally contractually promises a membership to Plaintiffs as long as Plaintiffs pay their monthly dues or satisfy agreed payment obligations.

16

64. Plaintiffs and all class members have paid their dues and satisfied agreed payment obligations.

65. Defendant Bally breached contracts with Plaintiffs and all class members when it locked certain Plaintiffs out of its clubs on December 1, 2011.

66. There are valid contracts between Plaintiffs and Defendant LAF. Defendant LA Fitness was assigned contracts by Bally.

67. There are valid contracts between all Class members and Defendant LAF.

68. Defendant LA Fitness was assigned contracts by Bally.

69. Defendant LA Fitness is breaching its duty by not honoring those contracts.

70. Plaintiffs were harmed to include loss of opportunities to exercise; time and hassle to address the debacle; and loss of monies.

71. The conduct of Defendants was the proximate cause and substantial factor in causing harm to all Plaintiffs and Class members.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Award compensatory damages, including statutory damages where available, in favor of Plaintiffs and the other members of the Class against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Permanently restrain Defendants, and its officers, agents, servants, employees and attorneys, from not honoring Ballys lifetime memberships.

D.      Specific performance (allowing Plaintiffs and class members to exercise at a Bally or LAF facility).

E.      Award Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

F.      Grant Plaintiffs such further relief as the Court deems appropriate.

**COUNT II: 815 ILCS 505/ [Illinois] Consumer Fraud and Deceptive Business Practices Act**
**(Applies to Plaintiffs' Juan Dorado, Brad Mickey, Michael Markzon, Brian Gorski, and Michael Zhuk as well as all members of the Class who reside in Illinois)**

72.     Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

73.     Both of the Defendants engaged in deceptive acts (see below) with intent to deceive the Plaintiffs.

(a).    Defendant LAF bought memberships and contracts that it knew it would not service or honor.  Defendant LAF intended and continues to intend to cause former Bally members to purchase a new life-time membership from LA Fitness.

(b).    Defendant Bally knew and intended to breach life-time contracts with members by selling the clubs at which the members "worked-out" or by "locking-out" members via selling their memberships to LA Fitness.

18

74.     Defendants intended that the Plaintiffs and class members rely on the deception.

75.     The deception occurred in the course of conduct involving trade or commerce.

76.     There are actual damages to the Plaintiffs and class members proximately caused by the deception of both defendants.

77.     Plaintiffs and class members were harmed to include loss of opportunities to exercise; hassles; and loss of monies.

78.     The conduct of Defendants was the proximate cause and substantial factor in causing Plaintiffs' and class members' harm.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.     Award compensatory damages, including statutory damages where available, in favor of Plaintiffs and the other members of the Class against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Permanently restrain Defendants, and its officers, agents, servants, employees and attorneys, from not honoring Ballys lifetime memberships.

D.     Specific performance (allowing Plaintiffs and class members to exercise at a Bally or LAF facility).

E.     Award Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

F.     Grant Plaintiffs such further relief as the Court deems appropriate.

**COUNT III:  Violation of The New York Consumer Protection Act,
Article 22-A of the New York General Business Law, §§349 and 350
(Applies to Plaintiff GARY SOLOMON and all members of the Class who
reside in the state of New York)**

79.     Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

80.     Plaintiff Solomon, joined by Class members, asserts that the sale of their member clubs was misleading in a material respect (see Facts section).

81.     The Defendants' engaged in material deceptive acts (e.g., Bally knowingly selling memberships that Bally knew with substantial certainty that LA Fitness could not service and that LA Fitness knew with substantial certainty, at the time of purchase, that it could not service the purchased membership contracts).

82.     The Defendants' material deceptive acts caused injury to Plaintiff (and all Class members who reside in New York).

83.     Plaintiff Solomon was harmed to include loss of opportunities to exercise;  loss of time spent trying to resolve matters with Bally and LA Fitness; and loss of monies.

84.     The conduct of Defendants was the proximate cause and substantial factor in causing Plaintiff Solomon and harm to all class members from New York.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    Award compensatory damages, including statutory damages where available, in favor of Plaintiffs and the other members of the Class against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Permanently restrain Defendants, and its officers, agents, servants, employees and attorneys, from not honoring Ballys lifetime memberships.

D.    Specific performance (allowing Plaintiffs and class members to exercise at a Bally or LAF facility).

E.    Award Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

F.    Grant Plaintiffs such further relief as the Court deems appropriate.

## COUNT IV:  Violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) 501.204(1)
### (Applies to Plaintiffs' Kenneth Mercado, Jane Klein, Charles Holden, and all Class members who reside in Florida)

85.    Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

86.    There was a deceptive or unfair trade practice, namely the sale of Plaintiffs' memberships yet no facilities at which they could continue to work out following and pursuant to the Bally sale of memberships and clubs to LA Fitness. (Based upon reasonable information and belief, Plaintiffs assert that all of the

21

Bally facilities in Florida were sold to LA Fitness. Jane Klein's membership was not sold to LA Fitness).

87.    Defendant Bally directly participated in the alleged wrongful and deceptive behavior of LAF.

88.    Defendant LAF directly participated in the alleged wrongful and deceptive behavior of Bally.

89.    The Defendants were the proximate cause of Plaintiffs' injuries

90.    Plaintiffs' suffered actual damages.

91.    Plaintiffs were harmed to include loss of opportunities to exercise; and loss of monies.

92.    The conduct of Defendants was the proximate cause and substantial factor in causing Plaintiffs' harm and harm to class members from the state of Florida.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    Award compensatory damages, including statutory damages where available, in favor of Plaintiffs and the other members of the Class against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Permanently restrain Defendants, and its officers, agents, servants, employees and attorneys, from not honoring Ballys lifetime memberships.

D.    Specific performance (allowing Plaintiffs and class members to exercise at a

Bally or LAF facility).

E.    Award Plaintiffs and the Class their reasonable costs and expenses

incurred in this action, including counsel fees and expert fees; and

F.    Grant Plaintiffs such further relief as the Court deems appropriate.

_____

*Plaintiffs plead all [germane] legislation in the 50 states and territories that
speaks to unfair trade practices and the provision of consumer protection for all
class members whose state legislation is not directly plead (but reference to
statute) in the instant complaint.


*Plaintiffs hereby make a Jury Demand.

Respectfully Submitted, January 15, 2012
s\Christopher Cooper, ESQ., PhD. Counsel for Plaintiffs
Christopher C. Cooper
LAW OFFICE OF CHRISTOPHER COOPER, INC.
500 N. Michigan Ave., Suite 1514
Chicago, Illinois 60611 (312) 371-6752     cooperlaw3234@gmail.com

Plaintiff, by his\her signature below states that the facts that pertain to him\her
are truthful and based on his\her best knowledge and recollection of the events
described.

Plaintiff's Signatures on 01/15/12:
s\JUAN DORADO  s\MICHAEL MARKZON s\ERIC SCATTON s\BRAD MICKEY
s\GARY BUCHHEIM  s\ MICHAEL ZHUK s\JANE KLEIN
s\GARY SOLOMON  s\ROBERT EISENBERG s\BRIAN GORSKI
s\KENNETH MERCADO s\CHARLES HOLDEN