```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

JUAN DORADO, et al.,             )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )    No.  12 C 137
                                 )
BALLY TOTAL FITNESS HOLDING      )
CORP., et al.,                   )
                                 )
          Defendants.            )
```

## MEMORANDUM

Within a day after receiving the Judge's Copy of the putative Class Action Complaint brought by Juan Dorado ("Dorado") and Michael Markzon ("Markzon"), this Court drafted and then issued a threshold January 13, 2012 opinion that identified (without any effort to be exhaustive) a group of "problematic aspects of the Complaint" (a euphemistic understatement).  That memorandum opinion and order (the "Opinion") was triggered in large part by plaintiffs' counsel having noticed up, for presentment on January 17, a motion to seek class certification.

When the January 17 presentment date arrived, it developed that plaintiffs' original counsel had since enlisted the aid of a much more experienced hand at the representation of plaintiffs in class actions, so that both a First Amended Complaint ("FAC") and an Amended Motion To Certify Case as a Class Action ("Amended Certification Motion") had been prepared and filed over the holiday weekend.  Both defendants--Bally Total Fitness Holding Corp. ("Bally") and L.A. Fitness International, LLC ("L.A.

Fitness")--appeared through counsel (having chosen not to challenge the flawed notice of motion pointed out in Opinion at 4 n.3), although they had not seen all of the recent documentation.

This Court adjourned the motion hearing briefly to allow defense counsel the opportunity to read the Opinion (whose existence had been unknown to them before the hearing) and to allow this Court to read (more accurately, to scan) the newly-filed FAC and Amended Certification Motion. That brief look by this Court disclosed that the FAC had taken heed of a number of the deficiencies identified in the Opinion (though not all of its flaws had been cured[1]).

In any event, the extended discussion that ensued among all counsel and this Court eventuated in the setting of a February 7 date for motions to dismiss, anticipated to be brought under both Fed. R. Civ. P. ("Rule") 12(b)(2) and 12(b)(6), followed by a February 10 status hearing to discuss the course of further proceedings on the motions. But in the course of that discussion L.A. Fitness' counsel stated that contrary to the assertions in

---

[1] For example, even that cursory review by this Court revealed that FAC ¶22 continued the original Complaint's mistaken reference to "federal laws," something that plaintiffs' original counsel then described as a typographical error rather than his acknowledging a negligent oversight. More significantly, FAC ¶¶30, 32 and 33 spoke of Bally having "sold" some of its members to L.A. Fitness, a usage that taken literally would raise the specter of a violation of the Thirteenth Amendment. But as it turns out, that notion of "selling" members is the principal occasion for issuance of this memorandum.

2

the original Complaint and the FAC, the Bally-L.A. Fitness transaction had <u>not</u> involved the assignment of the contracts that Bally had with its members.

That statement has led in turn to this Court's post-hearing request for the delivery to its chambers of a copy of the acquisition contract between Bally and L.A. Fitness, a contract that plaintiffs' counsel have concededly not seen but that must of course be provided to them (on a counsel's-eyes-only basis under a protective order), as this Court stated during the motion hearing. Bally's counsel has responded by the delivery to this Court's chambers of the 102-page November 18, 2011 Asset Purchase Agreement and a brief November 30 Amendment No. 1 to that Agreement, and this Court has taken a preliminary look at those documents.

As might be inferred from the sheer bulk of the Asset Purchase Agreement, the acquisition transaction was highly complex. That document appears to reflect--despite the statement by L.A. Fitness' counsel--that some Bally customer contracts were, but others were not, assigned to L.A. Fitness.[2] What seems quite likely, although no firm view can be expressed at this time, is that the prospect of certifying an umbrella class that

---

[2] This Court has not seen the Bally customer contracts, so that it cannot tell whether and to what extent they do or do not permit assignment without consent by the customers. That of course could add further complexity to the issues in this case.

embraces the types of different categories set out in the Amended Certification Motion is quite problematic--and that the prospect of plaintiffs obtaining a CAFA certification has been attenuated a fortiori.

In any case, plaintiffs' counsel would be wise to obtain copies of the acquisition documents in advance of the February 7 due date of the motions to dismiss, to facilitate the ability to discuss the next steps at the ensuing status hearing. It is of course too early to opine definitively on any aspect of the class certification issues--hence the caption "Memorandum" rather than "Memorandum Order" or "Memorandum Opinion and Order."

_____
  Milton I. Shadur
  Senior United States District Judge

Date: January 19, 2012